**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| GAMADA A. HUSSEIN,<br><br>                  Plaintiff,<br><br>v.<br><br>OFFICE OF INSPECTOR GENERAL CENTRAL INTELLIGENCE AGENCY, CENTRAL INTELLIGENCE AGENCY PRIVACY AND CIVIL LIBERTIES OFFICER, and JOHN DOES,<br><br>                  Defendants. | Case No. 19-2058 (JRT/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gamada A. Hussein, P.O. Box 4128, Saint Paul, MN 55104, *pro se* plaintiff.

Ana H. Voss, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Gamada A. Hussein brought this action on July 31, 2019, against the Office of the Inspector General of the Central Intelligence Agency, the Privacy and Civil Liberties Officer for the Central Intelligence Agency, and unknown John Does. Hussein alleges that government actors have been causing him harm for over a decade by various methods—"discriminatory harassments, mental and psychological torture, drug and software assaults, oppressions, enslavement, persecutions, state terrorism, abuses, intimidation, invasion of privacy, defamation, attempted assassinations, control of wealth and mind, [and] poisoning and unlawful surveillance actions." (Compl. ¶ 1, July 31, 2019, Docket 1.)

Before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Kate Menendez on Hussein's Motion for Preliminary Injunction and Motion for Summary Judgment. Because the Court concludes that Hussein has failed to state a claim upon which relief can be granted, the Court will overrule Hussein's Objections, adopt the Magistrate Judge's R&R in part, dismiss the Complaint with prejudice, and deny Hussein's Motions as moot.

**Background**

Hussein alleges that he is the victim of persecution and torture at the hands of a variety of government actors. In his lengthy complaint, Hussein alleges that Defendants have interfered in his sex life through surveillance, witchcraft, and chemicals (*see, e.g.*, Compl. ¶ 28); that undercover government agents tracked him in order to control his mind (*id.* ¶ 29); that coworkers attempted to poison him (*id.* ¶¶ 37, 60, 67); that he was subjected to radiation and assassination attempts (*id.* ¶¶68, 80-83); and other harms. The allegations are similar or identical to the core allegations in Hussein's prior cases in this District.

The Court previously found that Hussein's voluminous and repetitive filings, centered on the same core allegations, were frivolous and not grounded in fact. *See Hussein v. Barr et al.* (*Hussein II*), No. 19-CV-292 (JRT/HB), 2019 WL 4463402, at *3 (D. Minn. Sept. 18, 2019). Accordingly, the Court restricted Hussein's ability to "file anything, including but not limited to new lawsuits, or motions and other papers in pending cases, in the District of Minnesota unless he is represented by counsel or obtains prior court approval." *Id.* at *4.

Hussein filed the Complaint in this case on July 31, 2019. He subsequently filed a Motion seeking a Preliminary Injunction (Pl.'s Mot. for Prelim. Inj., Aug. 18, 2019, Docket No. 6) and a Motion for Summary Judgment (Pl.'s Mot. for Summary J., Oct. 23, 2019, Docket No. 10). The Magistrate Judge issued an R&R and recommended that the Court deny Hussein's Motions and dismiss Hussein's claims for lack of jurisdiction. (R&R at 10, Oct. 24, 2019, Docket No. 11.) Hussein filed objections to the R&R on October 28, 2019. (Pl.'s Obj., Oct. 28, 2019, Docket No. 12.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R. 72.2(b)(3). However, "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. HUSSEIN'S OBJECTIONS

Liberally construed, Hussein's filings raise two general objections.

#### A. Frivolous Claims

First, Hussein objects to the Magistrate Judge's finding that the Court lacks subject-matter jurisdiction over his Complaint because his claims fall into the narrow exception to federal subject-matter jurisdiction for complaints that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Oneida Indian Nation v. Oneida Cty.*, 414 U.S. 661, 666–67 (1974).

Hussein argues that his claims are not frivolous. He argues that "publicly known facts are not frivolous claims" and reiterates his general complaints that Defendants are conspiring against Hussein to torture him, control his mind, and otherwise cause him harm.[1]

Hussein's complaints have been repeatedly dismissed in this District for frivolous allegations. In at least one case, based largely on the same core allegations of government conspiracy, torture, and mind control, the Court dismissed the complaint for lack of jurisdiction. *See* Order, *Hussein v. Trump et al.*, 19-1718 (ECT/BRT), Oct. 7, 2019, Docket No. 17 (finding that Hussein's claims were "wholly insubstantial and frivolous" and thus fall into the narrow exception to subject-matter jurisdiction.)

On de novo review, the Court will decline to dismiss for lack of subject-matter jurisdiction, because such a dismissal is a high bar the Court need not reach here. Instead, the Court will sua sponte dismiss the Complaint for failure to state a claim, because this

---

[1] Hussein also generally asserts that the Court has subject matter jurisdiction under 5 U.S.C. § 702, which is a provision governing review of agency actions. Because the Complaint does not appear to contain a request for review of a final agency action, § 702 does not provide jurisdiction in this case.

action is wholly frivolous and based on previously dismissed claims. *See, e.g.*, *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) ("[A] district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process.")

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Hussein offers no plausible connection between any alleged harm and the Defendants in this case.

Additionally, as the Court previously noted, "refiling materially identical claims after they have been dismissed by the Court, with no attempt to cure deficiencies, is frivolous." *Hussein II*, 2019 WL 4463402, at *2. The Court has repeatedly noted that Hussein's allegations, "while extensive, [were] highly speculative, conclusory, and not grounded in fact." *Id.* at *3 (quoting *Hussein v. Sessions et al.* ("*Hussein I*"), No. 16-780 (SRN/SER), 2017 WL 1954767, at *1 (D. Minn. May 10, 2017), *aff'd*, 715 F. App'x 585 (8th Cir. 2018)).

Because Hussein's Complaint fails to state a claim upon which relief can be granted, the Court will sua sponte dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

**B.  Pending Motions**

Hussein also objects to the Magistrate Judge's recommendation that the Court deny his Motion for Preliminary Injunction and Motion for Summary Judgment. Hussein

asserts, without more, that he has satisfied the elements for a preliminary injunction. He also argues that because Defendants have not answered his Complaint, the Court should construe the lack of filings as an admission that there is no genuine dispute of material fact and that Hussein is therefore entitled to summary judgment.

Because the Court finds that the Complaint fails to state a claim upon which relief can be granted, the Court will deny Hussein's Motions as moot.

## CONCLUSION

Because the Complaint fails to state a claim upon which relief can be granted, the Court will overrule Hussein's Objections, adopt the Magistrate Judge's R&R in part, and dismiss the Complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 12] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 11] is **ADOPTED in part** consistent with this order;

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Preliminary Injunction [Docket No. 6] is **DENIED** as moot,

4. Plaintiff's Motion for Summary Judgment [Docket No. 10] is **DENIED** as moot,

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 30, 2020            _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                       Chief Judge
                                            United States District Court